NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MALVIN L. SCHAEFER,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3057

---

Petition for review of the Merit Systems Protection Board in case no. DA0831100261-I-1.

---

Decided: June 13, 2011

---

MALVIN L. SCHAEFER, of Canton, Texas, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, LINN and PROST, *Circuit Judges*.

PER CURIAM.

Petitioner Malvin L. Schaefer petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") final decision to reduce Mr. Schaefer's Civil Service Retirement System ("CSRS") annuity. We *affirm*.

## BACKGROUND

Mr. Schaefer served in the United States Army from June 5, 1968, to December 23, 1971, and thereafter worked in the Federal civilian service until his retirement in September 1997. In a letter sent in January 2010, OPM notified him that his CSRS annuity monthly payment would be reduced because he was eligible for Social Security benefits and failed to make the required seven percent deposit that was necessary to receive benefits for his post-1956 military service under both the CSRS and the Social Security system.

OPM issued a final decision determining that Mr. Schaefer's CSRS benefits were properly recomputed to eliminate credit for his military service, and he appealed to the Board seeking to make the necessary deposit. In an initial decision, an administrative judge affirmed OPM's decision. *Schaefer v. Office of Pers. Mgmt.,* No. DA0831100261-I-1 (M.S.P.B. May 6, 2010). The Board denied Mr. Schaefer's petition for review. Thus, the initial decision became the final decision of the Board. *Schaefer v. Office of Pers. Mgmt.*, No. DA0831100261-I-1 (M.S.P.B. Nov. 19, 2010). Mr. Schaefer appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

"Our review of Board decisions is limited. We may only reverse a Board decision if we find the decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1312 (Fed. Cir. 2010) (citing 5 U.S.C. § 7703(c)).

Federal employees retiring after September 7, 1982, such as Mr. Schaefer, are not entitled to receive benefits for post-1956 military service under both the CSRS and Social Security system unless they deposit an amount equal to seven percent of their total post-1956 military pay with CSRS. *See Collins v. Office of Pers. Mgmt.*, 45 F.3d 1569, 1570-71 (Fed. Cir. 1995) (citing 5 U.S.C. §§ 8332(j), 8334(j)). If an employee fails to make the deposit, then OPM must recompute their benefits when they become eligible for Social Security at age sixty-two.

In general, employees who retire on or after October 1, 1983, must make the required deposit before OPM takes action on their retirement application. *See McGrail v. Office of Pers. Mgmt.*, 78 M.S.P.R. 47, 51 (1998) (citing 5 C.F.R. § 831.2104(a)). However, OPM may extend the deadline if it determines that "an administrative error has occurred such that an employee has not been given proper notice or opportunity to make the deposit before separation." *McGrail*, 78 M.S.P.R. at 51; *see also* 5 C.F.R. § 831.2107(a)(1).

It is undisputed that Mr. Schaefer failed to make the seven percent deposit before his retirement. He seeks to make that deposit now to avoid a reduction in his retirement benefits.

The Board sought to determine whether Mr. Schaefer was entitled to make an after-retirement deposit for his military service. It found that he had signed Form 2801, which showed that he had served in the military for more than three years, but had not made any deposit to his agency for his military service prior to applying for retirement. That form also instructed Mr. Schaefer that failure to make a deposit while employed by the agency would result in a reduction of his annuity at age sixty-two upon eligibility for Social Security benefits. The Board also determined that OPM failed to produce a copy of Form 1515, which is completed when an employee retires and records whether the employee made a deposit for post-1956 military service. For purposes of its decision, the missing document was treated as if Mr. Schaefer had never received the form. The Board found, however, that failure to receive Form 1515 did not constitute "administrative error" sufficient to allow Mr. Schaefer to make his deposit well after retirement. *King v. Office of Pers. Mgmt.*, 97 M.S.P.R. 307, 322 (2004), *aff'd by Grant v. Office of Pers. Mgmt.*, 126 Fed. Appx. 945 (Fed. Cir. 2005) (unpublished). It concluded that he had not shown by preponderant evidence that the agency had committed administrative error by misrepresenting the deposit requirement or providing a misleading answer because he had "not asserted, and the record fail[ed] to reflect, that he asked any questions or was given any incorrect or misleading information." Supplemental App. 18. Thus, the Board found he was not entitled to make a deposit.

Mr. Schaefer petitioned the full Board for reconsideration of the initial decision. He made new arguments, presented for the first time, alleging that he asked questions regarding his retirement deposit, but that confusion existed as to whether he could make the deposit in installments. The Board held, however, that his arguments

were a statement of his recollection—which was available during his initial appeal—and failed to meet the "new and material evidence" requirements of 5 C.F.R. § 1201.115.

## CONCLUSION

The Board's findings are supported by substantial evidence. Its conclusion is in accordance with applicable laws and regulations. Mr. Schaefer did not make the seven percent deposit before retirement from the Federal civilian service as required by 5 U.S.C. §§ 8332(j) and 8334(j), and he has not established administrative error entitling him to a deadline extension under 5 C.F.R. § 831.2107(a)(1). We have considered Mr. Schaefer's other arguments, which are not persuasive. Because the Board's decision is in accordance with law and supported by substantial evidence, we affirm.

## COSTS

Each party shall bear its own costs.

**AFFIRMED**