## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FREDERICK B. MIZE, | DOCKET NUMBER |
| Appellant, | DE-0831-13-1586-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: August 4, 2014 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frederick B. Mize, Carlsbad, New Mexico, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reduction of the appellant's retirement annuity d ue to his failure to make a deposit for his post-1956 military service prior to his retirement.  Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant served in the military with the U.S. Army from July 15, 1970, to July 10, 1973. Initial Appeal File (IAF), Tab 7 at 29. He was employed with the Department of the Interior from November 25, 1973, to February 6, 1981, and with the U.S. Postal Service from February 7, 1981, to August 3, 2005, when he retired under the Civil Service Retirement System (CSRS) without having paid a deposit for his post-1956 military service. *Id.* at 12, 29, 31, 33. On July 30, 2013, OPM notified the appellant in a final decision that it had recomputed his monthly CSRS annuity benefit by eliminating credit for his post-1956 military service because he had not made a deposit for that service and he had become eligible for Social Security benefits.[2] *Id.* at 5-7.

---

[2] OPM's July 30, 2013 decision rescinded and replaced its final decision dated August 6, 2012, which was the subject of the appellant's previous appeal in *Mize v. Office of Personnel Management*, MSPB Docket No. DE-0831-12-0465-I-1 (Mize I). *See* IAF, Tab 5 at 26. In *Mize I*, the Board vacated OPM's August 6, 2012 final decision and

¶3      The appellant filed a Board appeal[3] challenging OPM's decision to reduce his annuity to eliminate credit for his post-1956 military service and asserting that he should be permitted to make a deposit for that service.  IAF, Tabs 1, 9.  He did not request a hearing.  IAF, Tab 10.

¶4      Based on the parties' submissions, the administrative judge issued an initial decision affirming OPM's decision.  IAF, Tab 11, Initial Decision (ID) at 2, 7. The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition for review.  PFR File, Tab 4. The appellant has filed a reply to the agency's response.  PFR File, Tab 5.

## ANALYSIS

¶5      An annuitant who retires after September 7, 1982, is entitled to receive credit for active duty military service performed after 1956 under both the CSRS and the Social Security system if he deposits an amount equal to seven percent of his total post-1956 military pay, plus interest, with the Civil Service Retirement and Disability Fund.  *Hooten v. Office of Personnel Management*, 114 M.S.P.R. 205, ¶ 6 (2010); *see* 5 U.S.C. § 8334(j).  If the annuitant fails to make such a deposit, OPM must recalculate the annuity payments when the annuitant first becomes eligible for Social Security benefits to exclude credit for the post-1956 military service.  *Hooten*, 114 M.S.P.R. 205, ¶ 6.  Those who retire on or after October 1, 1983, must make the deposit before their separation from service upon which entitlement to an annuity is based, 5 C.F.R. § 831.2104.  The Board will

---

remanded the appeal to OPM for issuance of a new final decision addressing the appellant's challenge to the calculation of the reduction in his monthly annuity benefits. Mize I (Nonprecedential Final Order, June 6, 2013).

[3] The appellant's initial submission below was titled "Petition for Enforcement," and this appeal was originally docketed as a compliance appeal.  IAF, Tabs 1, 2.  In response to the administrative judge's acknowledgement order, OPM moved for dismissal of the petition for enforcement based on the issuance of its July 30, 2013 decision.  IAF, Tab 5.  This appeal was then redocketed as an appeal of OPM's July 30, 2013 decision.  IAF, Tab 6.

order OPM to permit a post-separation deposit, however, if there was administrative error by the individual's employing agency or OPM and the annuitant's failure to make the deposit prior to retirement was the product of that administrative error. *King v. Office of Personnel Management*, 97 M.S.P.R. 307, ¶ 15 (2004), *aff'd sub nom. Grant v. Office of Personnel Management*, 126 F. App'x 945 (Fed. Cir. 2005); 5 C.F.R. § 831.2107(a)(1). The Board has found administrative error where the agency provides material misinformation regarding the deposit or the consequences of failing to make the deposit, to the employee prior to his separation. *Lancaster v. Office of Personnel Management*, 112 M.S.P.R. 76, ¶ 8 (2009). The appellant has the burden of proving that an administrative error took place by a preponderance of the evidence. *Id.*

¶6        As the administrative judge noted in both his close of record order and the initial decision, the appellant raised what appears to be a claim of administrative error during the proceedings below by arguing that he should be permitted to make a post-separation deposit for his post-1956 military service because of alleged "bad advi[c]e" he received. IAF, Tab 9, Tab 10 at 3, ID at 5-6. In particular, the appellant asserted that, at the time of his retirement, he was advised that if he "did not pay a full 40 quarters[4] into Social Security," then his nonpayment of a deposit for his post-1956 military service prior to his retirement would not result in a reduction in the amount of his retirement annuity when he

---

[4] The appellant appears to be referring to "quarters of coverage." A quarter of coverage is the basic unit for determining whether a worker is insured under the Social Security program. *See* http://www.ssa.gov/OACT/COLA/QC.html. Employees who earn wages or generate self-employment income subject to Social Security withholdings accrue quarters of coverage, which are also called credits or Social Security credits, *see id.*, based on the wages earned or self-employment income generated during the course of a calendar year, 42 U.S.C. § 213(a)(2)(ii); *see Froom v. Office of Personnel Management*, 107 M.S.P.R. 607, ¶ 3 n.2 (2008). An employee may earn up to a maximum of four quarters of coverage per year. *See* http://www.ssa.gov/OACT/COLA/QC.html. Anyone born in 1929 or later must earn a total of at least forty quarters of coverage to be eligible for Social Security retirement benefits. *See* http://www.socialsecurity.gov/pubs/EN-05-10035.pdf.

reached age 62. IAF, Tab 9. The appellant stated, "Since I had not worked that many years it was reasonable not to make such a payment." *Id.* The appellant further asserted that, when he "check[ed] a few years later [he] had only 28 quarters" and thus believed that he could "work a quarter here and there," yet still remain under the forty quarter threshold for eligibility for Social Security benefits. *Id.* The appellant also stated that, at that time, he reasonably believed that each quarter in which he worked would count as only one quarter toward the forty quarter threshold; however, a few years later he learned that "one quarter work and [sic] any year counts for a year." *Id.*

¶7      In his close of record order, the administrative judge described the circumstances in which the Board may find administrative error and waive the deposit deadline. IAF, Tab 10 at 3-5. The administrative judge also specifically addressed the appellant's administrative error claim, stating that: (1) the appellant had not identified when or by whom he had been advised that, if he did not earn forty quarters of coverage into Social Security, then his retirement annuity at age 62 would not change regardless of whether he made the deposit, *id.* at 3; (2) the administrative judge was not aware of any part of that advice that was incorrect, *id.* (citing 42 U.S.C. §§ 402(a)(1) and 414(a)(1)); and (3) although the appellant stated that at one point he checked and saw he had only twenty-eight quarters, and that this circumstance led him to believe from his own calculations that he could "work a quarter here and there and keep it under the 40 quarters required," he had not identified any agency or OPM official who gave him advice about that matter, nor had he provided any details or dates about such advice, *id.* at 3-4. In his order, the administrative judge also reminded the appellant of the deadline for filing submissions and of his burden to prove his claim. *Id.* at 2, 5. The appellant did not respond to the order.

¶8      In the initial decision, the administrative judge found that, because the appellant has the burden to prove his entitlement to the benefit he seeks, his failure to provide specific evidence of any incorrect advice he received about the

impact of not making the deposit is fatal to his claim of administrative error. ID at 6. The administrative judge also found that, because no administrative error occurred, OPM acted properly in recomputing the appellant's annuity when he first became eligible for Social Security benefits to exclude credit for his post-1956 military service. ID at 6-7. Therefore, the administrative judge found that the appellant failed to prove his entitlement to pay the deposit for his military service or otherwise to continue to receive credit for his military service in his monthly annuity. ID at 7.

¶9 The appellant reasserts his administrative error claim on review, arguing for the first time that he was told by Postmaster C.M., that as long as he only worked eleven more quarters prior to age 62, his failure to pay a deposit for his post-1956 military service would not affect the amount of his retirement annuity. PFR File, Tab 1. He asserts that he did not learn until he telephoned the Social Security Administration (SSA) on the date that he filed his petition for review that an individual earns credits toward eligibility for Social Security benefits based on the amount of compensation earned rather than the number of quarters worked. *Id.* The appellant states that, as a result of contacting the SSA, he discovered that, although he had worked only one quarter in 2007 and one quarter in 2009, his compensation was such that he earned three credits during 2007 and four credits during 2009. *Id.* Thus, the appellant seems to assert, based on the incorrect information he received from C.M. regarding the number of additional quarters he could work prior to age 62 without reaching the forty credit threshold for eligibility for Social Security benefits, that he inadvertently became eligible for those benefits by earning more credits than he had expected to earn given the number of quarters he worked.

¶10 The Board normally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Nowhere in his

petition for review does the appellant contend that his new argument as to what he was told regarding the circumstances in which nonpayment of a deposit for his post-1956 military service would affect his retirement annuity is based on new and material evidence that was unavailable prior to the close of the record below. PFR File Tab 1.

¶11　　Based on our review of the record, we agree with the administrative judge that the appellant failed to prove his administrative error claim. The gist of this claim is that the appellant was incorrectly told at the time he retired that his nonpayment of his post-1956 military deposit would not result in a reduction in his retirement annuity when he reached age 62 unless he "paid a full 40 quarters into Social Security." IAF, Tab 9. As the administrative judge noted in the close of record order, in the proceedings below, the appellant did not provide any dates or details about this advice, such as when he was given this information or who gave it to him. IAF, Tab 10. Although the administrative judge informed the appellant of the shortcomings of his administrative error claim in the close of record order, and the appellant had ample opportunity to elaborate on his claim and address these shortcomings during the proceedings below, he made no effort to provide specific evidence about the allegedly incorrect advice he received regarding the consequences of not making a deposit for his post-1956 military service. Although the appellant does provide additional information in his petition for review in support of his claim, he does not explain his failure to submit this evidence—which does not appear to be new or not previously available—below. Given these circumstances, we discern no reason to disturb the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.