# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEO CRAWFORD,<br>            Appellant, | DOCKET NUMBER<br>CH-0831-13-1934-I-1 |
|      v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>           Agency. | DATE: August 15, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leo Crawford, Dolton, Illinois, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) final decision reducing his retirement annuity by eliminating credit for his post-1956 military service. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant served in an active military duty status from March 12, 1973, to March 4, 1976.  Initial Appeal File (IAF), Tab 4 at 24.  After the appellant's military service, he worked as a civilian federal government employee for 27 years until his retirement on September 5, 2004, at age 53.  *Id*.  When applying for retirement, the appellant elected not to pay a deposit for his post-1956 military service.  *Id*. at 14.   Upon his retirement, the calculation of his retirement annuity included credit for his military and civilian service.  *Id*. at 8.  When the appellant turned 62 and became eligible for Social Security benefits, OPM reduced the computation of his federal retirement annuity to reflect that he elected not to make a deposit for his post-1956 military service.  *Id*. at 6-7, 10.  On August 12, 2013, the appellant filed a Board appeal alleging that OPM should not have reduced his annuity because he was not informed during retirement counseling about the adverse consequences of not making a deposit for post-1956 military service.  IAF, Tab 1 at 4.  He did not request a hearing.  *Id.* at 2.

¶3     Based on the written record, the administrative judge issued an initial decision affirming OPM's decision.  IAF, Tab 11, Initial Decision (ID).  The administrative judge concluded that the appellant made an informed election not to make the post-1956 military deposit upon his retirement and that there was no administrative error on the part of OPM or his employing agency.  ID.

¶4     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He admits that he elected not to make the deposit when he retired but argues that a personnel specialist led him to believe that he had "options."  *Id.* at 6.  Additionally, the appellant states that he was unfocused and emotional in his decision-making at the time of his retirement because his daughter had been diagnosed with cancer.  *Id.*

## ANALYSIS

¶5     On becoming 62 years of age, when an individual becomes eligible for Social Security benefits, OPM shall redetermine the aggregate period on which the annuity is based, excluding post-1956 military service if the individual retired after September 8, 1982, and did not make a deposit equaling 7 percent of his post-1956 military earnings before he retired.  *See* 5 U.S.C. §§ 8332(j)(1), 8334(j); *Burdick v. Office of Personnel Management*, 49 M.S.P.R. 216, 218-19 (1991).  Receipt and signature of the 1990 version of OPM Form 2801, Application for Immediate Retirement (2801), creates a presumption of understanding of the relevant post-1956 military service provisions as shown in Section B of the instructions of the form.  *Drury v. Office of Personnel Management*, 79 M.S.P.R. 493, ¶¶ 11-13 (1998).  OPM's regulation permits a post-separation deposit only when the failure to make the deposit before separation was due to administrative error.  5 C.F.R. § 831.2104 (a).  The Board will order OPM to allow an individual to make a post-separation deposit for post-1956 military service only if he shows that OPM or the employing agency committed administrative error in the processing of his application and that his failure to make the deposit prior to his separation was caused by that

administrative error.  *King v. Office of Personnel Management*, 97 M.S.P.R. 307, ¶ 15 (2004), *aff'd sub nom. Grant v. Office of Personnel Management*, 126 F. App'x 945 (Fed. Cir. 2005); 5 C.F.R. § 831.2104(a).

¶6        The appellant argues that the agency committed administrative error because he was led to believe by his personnel specialist that he had "options," although he never specifically mentions what "options" he is referring to.  PFR File, Tab 1 at 6.  This vague claim is not sufficient to support a finding of administrative error, particularly where the OPM Form 2801 and OPM Form 1515 correctly informed the appellant of the consequences of his failure to make a deposit prior to his separation.  IAF, Tab 4 at 14-16, 18-19, 22-23; *see Thomas v. Office of Personnel Management*, 107 M.S.P.R. 334, ¶ 18 (2007).  The Board has held that the 1990 version of OPM Form 2801 provides sufficient notice of the opportunity to make a deposit and of the consequences of not making the deposit. *King*, 97 M.S.P.R. 307, ¶ 7.  When the appellant applied for retirement, he received and signed two forms: (1) the 1990 version of OPM Form 2801, IAF, Tab 4 at 22; and (2) OPM Form 1515, Military Service Deposit Election, *id.* at 14.  When he signed the 1990 version of OPM Form 2801 and OPM Form 1515, he was presumably on notice and understood the effect of his election not to make the deposit.  *See Drury*, 79 M.S.P.R. 493, ¶ 13; *see also Thomas*, 107 M.S.P.R. 334, ¶ 18.  The appellant's vague claims regarding his personnel specialist's alleged failure to explain the document in detail are insufficient to rebut the presumption that he was on notice and understood the effect of his election not to make the deposit.  IAF, Tab 8; PFR File, Tab 1 at 6; *see Drury*, 79 M.S.P.R. 493, ¶ 13.  Consequently, the administrative judge was correct in finding that there was no administrative error on this basis.  *See King*, 97 M.S.P.R. 307, ¶¶ 7, 17; *see also Thomas*, 107 M.S.P.R. 334, ¶ 18.

¶7        The appellant also makes an implied argument that, absent his daughter's illness and subsequent emotional state at the time of his retirement, he would have chosen to make the deposit.  PFR File, Tab 1 at 6.  OPM's regulation only

permits a post-separation deposit for post-1956 military service when the failure to make the deposit before separation was due to an administrative error. *King*, 97 M.S.P.R. 307, ¶ 15; 5 C.F.R. § 831.2104(a). Family illness is not administrative error. *See King*, 97 M.S.P.R. 307, ¶ 15. A unilateral mistake in signing an unambiguous election form that notifies the signer of the consequences of election is not a ground for voiding an election not to make a post-1956 military service deposit. *Collins v. Office of Personnel Management*, 45 F.3d 1569, 1573 (Fed. Cir. 1995). The appellant admits that he was responsible for signing the OPM Form 2801 and OPM Form 1515. PFR File, Tab 1 at 6. The appellant's claim regarding his daughter's illness is insufficient to rebut the presumption that he knew the consequences of election when signing these forms. *See Collins*, 45 F.3d at 1573. Further, the appellant's general statement regarding his emotional state during his daughter's illness is insufficient to void his election due to mental incompetence, duress, or fraud when signing OPM Form 2801 and OPM Form 1515. *See id.* ("[O]ne is not relieved from the consequences of a written election absent a showing that mental incompetence, duress or fraud is the reason for an election one later seeks to void.").

¶8      Given these circumstances, we agree with the administrative judge's initial decision affirming OPM's final decision reducing the appellant's retirement annuity by eliminating credit for his post-1956 military service. The appellant has failed to establish that his election not to make a deposit was invalid or that any administrative error prevented him from making a deposit. *See King*, 97 M.S.P.R. 307, ¶ 15. We discern no basis to disturb the administrative judge's initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.