# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HENRY R. SOWELL,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0831-14-0168-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: September 16, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Henry R. Sowell</u>, Robeline, Louisiana, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which reversed the Office of Personnel Management's (OPM) reconsideration decision. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 OPM issued a final decision informing the appellant that it had recomputed his Civil Service Retirement System (CSRS) annuity benefit to eliminate credit for his post-1956 military service when he began to receive Social Security benefits at age 62 because he had not paid a deposit into the retirement fund for that service prior to his retirement. Initial Appeal File (IAF), Tab 5 at 6. On appeal, the administrative judge found that, at the time of the appellant's 2006 retirement, his employing agency did not provide any misleading or incorrect information, there are no apparent errors in the appellant's retirement package, and the appellant elected not to pay the deposit before he retired. IAF, Tab 11, Initial Decision (ID) at 7. However, she found that the appellant established that an OPM representative told him that he might be able to pay the deposit when he received Social Security benefits. ID at 7. She found that this statement constituted administrative error. ID at 7. She reversed the reconsideration decision and ordered OPM to allow the appellant to make a deposit into the retirement fund covering his post-1956 military service. ID at 7.

¶3 On petition for review, the appellant reiterates the contention that he made below that his employing agency should have informed him of the requirement to

make a deposit for his post-1956 military service when he was employed so that he could have paid the deposit during his employment, thus avoiding accumulating interest. Petition for Review File, Tab 1.

¶4      An employee who retires after September 7, 1982, is entitled to receive credit for active military service performed after 1956 under both the CSRS and the Social Security system if he deposits an amount equal to 7 percent of his total post-1956 military pay, plus interest, with the Civil Service Retirement and Disability Fund. *Lamb v. Office of Personnel Management*, 112 M.S.P.R. 335, ¶ 9 (2009); *see* 5 U.S.C. § 8334(j). If the employee fails to make such a deposit, OPM must recalculate the annuity payments when he first becomes eligible for Social Security benefits to exclude credit for the post-1956 service. 5 U.S.C. § 8332(j); *Lamb*, 112 M.S.P.R. 335, ¶ 9. Those who retire on or after October 1, 1983, must make such a deposit before their separation from service upon which entitlement to an annuity is based. *Lamb*, 112 M.S.P.R. 335, ¶ 9; 5 C.F.R. § 831.2104. The Board will order OPM to permit a post-separation deposit, however, if there was administrative error by the individual's employing agency or OPM and the failure to make the deposit prior to retirement was the product of that administrative error. *Lamb*, 112 M.S.P.R. 335, ¶ 9; *King v. Office of Personnel Management*, 97 M.S.P.R. 307, ¶¶ 4, 15 (2004), *aff'd sub nom. Grant v. Office of Personnel Management*, 126 F. App'x 945 (Fed. Cir. 2005); 5 C.F.R. § 831.2107(a)(1).

¶5      The Board has found that there is no administrative error by the employing agency when, as here, an employee is provided with and completes the 1990 version of Standard Form (SF) 2801 electing not to make a deposit for his post-1956 military service. *King*, 97 M.S.P.R. 307, ¶¶ 16-17. The SF-2801 informs the employee that, if any of his military service occurred on or after January 1, 1957, the employee must pay a deposit for this service to his employing agency before separation to continue to receive CSRS credit for that service after the employee becomes eligible for Social Security benefits. *Id.*, ¶ 7.

The SF-2801 further informs the employee that he cannot pay OPM for post-1956 military service after he retires. *Id.* Section B of the instructions explains that if the employee does not pay the military service deposit while still employed, and he is eligible for Social Security benefits, at age 62, OPM will recompute his annuity at that time to eliminate credit for the post-1956 military service. *Id.*

¶6    The record reflects that the agency provided the appellant with the 1990 version of the SF-2801 and that he completed it. IAF, Tab 5 at 11. The SF-2801 shows that the appellant had military service from October 20, 1972, to December 11, 1980. *Id.* at 18. The agency also provided the appellant with OPM Form 1515 "Service Credit Payments for Post-1956 Military Service." *Id.* at 29. The appellant placed an "X" in the box indicating "I do not want to make (or complete) this deposit" and signed the form. *Id.* Thus, the appellant was advised of his right to make a deposit for his post-1956 military service and of the consequences if he did not do so.

¶7    An employing agency must inform an employee with post-1956 military service before his retirement is effected that he must make a deposit into the retirement fund in order to receive both CSRS and Social Security credit for that service. Here, the record shows that the employing agency met that requirement. However, there is no requirement that the agency assist the employee to avoid accumulating interest on that deposit by informing the employee of the need to make the deposit early in the employee's term of employment. The appellant's contention on petition for review is unavailing. We agree with the administrative judge that the appellant did not show that the employing agency committed administrative error.[2]

---

[2] Due to our denial of the petition for review, we need not resolve whether the petition was timely filed.

**ORDER**

¶8     We ORDER OPM to set a time limit under 5 C.F.R. § 831.2107(a)(1) by which the appellant may make the military deposit to his former employing agency. OPM must complete this action no later than 20 days after the date of this decision.

¶9     We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶10     No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.