NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3460

LEROY H. GRANT,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:    March 14, 2005

_____

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Leroy H. Grant appeals from the final decision of the Merit Systems Protection Board ("Board"), which affirmed the decision of the Office of Personnel Management ("OPM"), denying Grant Civil Service Retirement System ("CSRS") credit for his military service. King v. OPM, 97 M.S.P.R. 307 (2004). We affirm.

BACKGROUND

Grant served in the United States Navy from 1960 to 1969. He left the Navy and began a federal civilian career in 1970, and retired from federal civilian service in 1999. This case concerns Grant's eligibility to claim CSRS credit for his military service.

We summarized the statutory and regulatory background to CSRS credit for military service in Collins v. OPM, 45 F.3d 1569 (Fed. Cir. 1995):

A civil service annuitant . . . who retires after September 7, 1982, is entitled to credit for active duty military service performed after 1956 under both the CSRS and the Social Security System, but only if the annuitant deposits with the Civil Service Retirement Fund an amount equal to seven percent of the person's total post-1956 military pay. If an annuitant fails to make the requisite deposit, OPM is obligated to recompute the person's annuity payment when the person first becomes eligible for Social Security benefits. The recomputation excludes credit for the post-1956 military service for which no deposit had been made to earn entitlement to credit.

OPM has promulgated regulations which provide that an eligible employee must file an application for deposit with, and make payment to, the appropriate office in the employing agency. A former employee may also file an application for deposit, but must make the required deposit to OPM "prior to final adjudication of the application for retirement of survivor benefits." An applicant is required to make the deposit before the date of retirement or before the date OPM takes final action on the retirement application.

Id. at 1570-71 (citations omitted).

When Grant applied for retirement in March 1999, he completed the 1990 version of Standard Form 2801 (the "SF-2801"). On this form he indicated that he served in the armed forces, and was directed to fill out Schedule A, which asked in pertinent part:

If any of your military service occurred on or after January 1, 1957, have you paid a deposit to your agency for this service? (You must pay this deposit to your agency before separation. You cannot pay OPM after you retire.) See Section B of the instructions for the effect on your annuity if the deposit is not paid.

(Resp't App. at 49.) Section B of the instructions, in pertinent part, stated that:

The military service deposit must be paid to your agency while you are still employed. . . . If you do not make the deposit and you are eligible for Social Security benefits at age 62, your annuity will be recomputed (at age 62) to eliminate credit for the post-1956 military service.

(Id. at 44-45.) Grant stated that he had not paid the deposit.

However, Grant did not receive, and thus did not complete, Form 1515, entitled "Service Credit Payments for Post-1956 Military Service." Form 1515 is part of OPM's

retirement application package, and explains to applicants that "you must either make a deposit for the military service or have your annuity benefits reduced at age 62." The form then asks for an explicit election whether or not to make the deposit, requiring an applicant not making the deposit to check the box stating: "I do not want to make (or complete) this deposit. I understand this decision is irrevocable."

Grant's retirement became effective on April 3, 1999. He did not pay any deposit into the Civil Service Retirement Fund as required by 5 U.S.C. § 8334(j).

Grant became eligible for Social Security benefits beginning in June 2001. Accordingly, OPM issued a final decision in June 2001, recomputing Grant's CSRS annuity to remove all credit for his military service, thus reducing his monthly annuity from $2161 to $1625. Grant appealed OPM's decision to the Merit Systems Protection Board. The administrative judge affirmed OPM's decision on the basis that Grant had not made a deposit into the Civil Service Retirement Fund.

The full Board then reopened the case to clarify "the case law on when an employee can make a deposit for post-1956 military service after separating from federal service." King, 97 M.S.P.R. at 311.[1] The full Board held that an individual is entitled to make a deposit after separation from the federal service only if there was administrative error in the processing of his retirement application, and that administrative error caused the failure to make a deposit prior to the separation. Id. at 315-16. The Board also held that the failure to receive and complete Form 1515 was not administrative error, and thus does not entitle an employee to make a deposit after

---

[1] Before the full Board, the case was consolidated with King v. OPM, No. CH-0831-02-0549-I-1, Wells v. OPM, No. AT-0831-03-0784-I-1, O'Kane v. OPM, No.

separation from the federal service, if "an employee is provided with full and complete information in the 1990 version of the retirement application, Form SF-2801." Id. at 317. As to the facts of Grant's case, the full Board found:

> [T]he SF-2801 provided Mr. Grant with complete and accurate information about the deposit requirement and the consequences of not making a deposit before separation from federal service, he has not shown that the agency's failure to give him substantially similar information on Form 1515 . . . caused him not to make a deposit for his post-1956 military service before he left the government.

Id. at 322. The full Board thus affirmed OPM's decision.

Grant petitions this court for review, we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Under 5 U.S.C. § 8332(c)(1)(A), "the service of an individual who first becomes an employee . . . before October 1, 1982, shall include credit for each period of military service performed . . . ." However, section 8332(c) is qualified by section 8332(j)(1), which provides that "[n]otwithstanding any other provision of this section, military service . . . performed by an individual after December 1956 . . . shall be excluded in determining the aggregate period of service on which an annuity payable . . . to the individual . . . is based, if the individual . . . is entitled . . . to monthly old-age or survivors benefits under [Social Security]." 5 U.S.C. § 8332(j)(1) (2000). Section 8332(j)(1), in turn, is qualified by section 8332(j)(2), which states that the "provisions of paragraph (1) of this subsection relating to credit for military service shall not apply to . . . any period of military service of an employee . . . with respect to which the employee . . . has made a

PH-0831-03-0228-I-1, Newman v. OPM, No. AT-0831-03-0041-I-1, and Bullock v. OPM, No. DC-0831-03-0058-I-1. Only Grant's case is before this court.

deposit . . . under section 8334(j)." 5 U.S.C. § 8332(j)(2) (2000). In sum, Grant would only be eligible to receive both Social Security benefits and military service credit for his CSRS annuity if he made a deposit into the Civil Service Retirement Fund pursuant to 5 U.S.C. § 8334(j).

OPM has promulgated regulations governing eligibility to make deposits into the Civil Service Retirement Fund. Specifically, under 5 C.F.R. § 831.2104(a), employees currently employed in federal service, and "a person who was eligible . . . but who failed to make the deposit before separation from service due to administrative error," are entitled to make a deposit. It is not disputed that Grant failed to make a deposit while he was employed in federal service. The issue is therefore whether Grant can still make the deposit, and under the regulation he is only able to do so if he was previously precluded from making a deposit "due to administrative error."

Grant first contends that the agency failed to provide him proper notice and counseling regarding the effects of failing to make a deposit. In particular, he emphasizes that he was not given a copy of Form 1515. He argues that these omissions constituted administrative error that entitles him to waiver of the regulatory deadline. However, the Board found that "the SF-2801 provided Mr. Grant with complete and accurate information about the deposit requirement and the consequences of not making a deposit before separation from federal service." King, 97 M.S.P.R. at 322. We agree with the Board that the omission of Form 1515 does not constitute administrative error where the employee receives full and fair notice of the requirement to make a deposit. The Board's finding that Form SF-2801 and its

04-3460                                    5

accompanying instructions provided Grant with full and fair notice is supported by substantial evidence and must be affirmed. 5 U.S.C. § 7703(c) (2000).

In his reply brief, Grant alleges that he never received the instructions to SF-2801, and thus suffered from a lack of notice. Grant did not present this argument to the Board. This court generally does not consider arguments or evidence not presented to the administrative judge, and we see no basis to do so here. Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998); Mueller v. United States Postal Serv., 76 F.3d 1198, 1201-02 (Fed. Cir. 1996). We hold that Grant has waived this argument.

CONCLUSION

The decision of the Board is affirmed.

COSTS

No costs.