**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM A. CHUPKO, | DOCKET NUMBER |
| Appellant, | PH-0841-17-0099-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: February 28, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William A. Chupko, Dunmore, Pennsylvania, pro se.

Jane Bancroft, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) recomputing his retirement annuity under the Civil Service Retirement System (CSRS) to exclude credit for his post-1956 military service. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Effective July 2, 2012, the appellant retired under the CSRS from Federal civilian service with the Department of the Army. Initial Appeal File (IAF), Tab 6 at 18, 40. He also served in the U.S. Air Force from 1972 to 1975. *Id.* at 46. He did not make a deposit for that military service before he retired. *Id.* at 21. After determining that he was eligible for Social Security benefits at age 62, OPM notified him that it was recomputing his CSRS annuity to eliminate credit for his post-1956 military service because he did not make a deposit for such service prior to his retirement. *Id.* at 5. The recomputation, effective November 1, 2016, resulted in a reduction in the gross monthly amount of his CSRS annuity. *Id.* at 5-6.

¶3      The appellant filed a Board appeal challenging OPM's final decision to recompute his CSRS annuity, and he requested a hearing. IAF, Tab 1. He asserted that, before he enlisted in the Pennsylvania Air National Guard (National

Guard) in 1990, a recruiter told him that his payment into the Social Security program would not affect his retirement because he would be serving in the military and that his National Guard service would not amount to any quarters of coverage for Social Security purposes. IAF, Tab 1 at 4, Tab 8 at 3. The appellant further alleged that he served part-time in the National Guard for more than 9 years, during which he did not earn income above the poverty level. IAF, Tab 8 at 3. In addition, he asserted that he has neither filed nor intends to file for Social Security benefits and that OPM erroneously cited *Collins v. Office of Personnel Management*, 45 F.3d 1569 (Fed. Cir. 1995), to support its final decision. IAF, Tab 6 at 4, 6, Tab 8 at 3.

¶4  After the appellant failed to appear for the scheduled hearing, the administrative judge issued an initial decision based on the written record that affirmed OPM's final decision. IAF, Tab 11, Initial Decision (ID) at 1-5. Specifically, the administrative judge found that the appellant did not elaborate on or offer support for his claim that, when he served in the National Guard, he was told that his payment into the Social Security program would not have any effect on his retirement because he was serving in the military. ID at 4. She further found that he completed the Standard Form (SF) 2801, Application for Immediate Retirement, and that he did not offer any evidence or argument that he was incapable of understanding the form's plain language. *Id.* She concluded that he did not prove by preponderant evidence that OPM or his former employing agency committed administrative error that caused his failure to make a military service deposit prior to his separation from Federal civilian service. *Id.*

¶5  The appellant has filed a petition for review challenging the initial decision. Petition for Review (PFR) File, Tab 1. OPM has filed a response opposing his petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        An appellant bears the burden of proving by preponderant evidence his entitlement to retirement benefits. *Sanderson v. Office of Personnel Management*, 72 M.S.P.R. 311, 317 (1996), *aff'd*, 129 F.3d 134 (Fed. Cir. 1997) (Table); 5 C.F.R. § 1201.56(b)(2)(ii).        An annuitant who retires after September 7, 1982, like the appellant here, is entitled to receive credit for active-duty military service performed after 1956 under both the CSRS and the Social Security program if he deposits an amount equal to 7% of his total post-1956 military pay with the Civil Service Retirement and Disability Fund. *McDevitt v. Office of Personnel Management*, 118 M.S.P.R. 204, ¶ 6 (2012); *see* 5 U.S.C. § 8334(j).  If the annuitant fails to make such a deposit, OPM must recalculate the CSRS annuity payments when he first becomes eligible for Social Security benefits to exclude credit for the post-1956 military service.  5 U.S.C. § 8332(j); *McDevitt*, 118 M.S.P.R. 204, ¶ 6.  Employees who retire on or after October 1, 1983, must make such deposit before their separation from service upon which title to an annuity is based.  *McDevitt*, 118 M.S.P.R. 204, ¶ 6; 5 C.F.R. § 831.2104.  The Board will order OPM to permit a post-separation deposit, however, if there was administrative error by the individual's employing agency or OPM, and the failure to make the deposit prior to retirement was the product of the administrative error.  *King v. Office of Personnel Management*, 97 M.S.P.R. 307, ¶¶ 4, 15 (2004), *aff'd sub nom. Grant v. Office of Personnel Management*, 126 F. App'x 945 (Fed. Cir. 2005); 5 C.F.R. § 831.2107(a)(1).

¶7        For the following reasons, we agree with the administrative judge's finding that the appellant did not prove by preponderant evidence that OPM or his former employing agency committed administrative error that caused his failure to make a military service deposit prior to his retirement.  ID at 4.  The appellant has not alleged that OPM or his former employing agency committed any administrative error.  Although he reasserts on review his claim that he was told that his National Guard service would not amount to enough quarters of coverage to be

eligible for Social Security benefits, PFR File, Tab 1 at 3, we find that this allegation is insufficient to prove by preponderant evidence that administrative error caused his failure to make a deposit for his military service with the U.S. Air Force before he retired. *See King*, 97 M.S.P.R. 307, ¶ 28 (finding that the appellant did not show by preponderant evidence that an administrative error caused his failure to make a military service deposit before his separation from Federal service).

¶8    Moreover, the Board has held that there is no administrative error when an employee is provided with and completes the 1990 version of SF-2801, electing to make or not make a deposit for his post-1956 military service. *Id.*, ¶¶ 16-17. Here, although the appellant completed the 2007 version of SF-2801, we find that it is similar to the 1990 version, in relevant part, and that it provided him with accurate and complete information about the deposit requirement for post-1956 military service and the consequences of not making a deposit before separation. *Compare* IAF, Tab 6 at 10, 21, *with King*, 97 M.S.P.R. 307, ¶¶ 25, 27.   In particular, on the appellant's completed SF-2801, he checked "No" in response to the clearly worded question in Schedule A that asked if he paid a deposit to his agency for any of his military service that occurred on or after January 1, 1957. IAF, Tab 6 at 21.  The parenthetical following that question informed him that he must pay the deposit to his agency and that he cannot pay OPM after he retires. *Id.*  Further, the instructions for Schedule A explained to him that he may pay a deposit to cover his post-1956 military service, that the deposit must be paid to his agency while he is still employed, and that, if he does not make the deposit and becomes eligible for Social Security benefits at age 62, his annuity will be recomputed at age 62 to eliminate credit for his post-1956 military service. *Id.* at 10.

¶9    In his petition for review, the appellant reasserts his argument that he is not eligible for Social Security benefits based on his National Guard service, nor does he intend to apply for Social Security benefits.  PFR File, Tab 1 at 3-5.  A fully

insured individual who has attained the age of 62 and files a proper application is entitled to Social Security benefits. *Hicks v. Office of Personnel Management*, 44 M.S.P.R. 340, 343 (1990); *see* 42 U.S.C. § 402(a). However, there is no requirement under 5 U.S.C. § 8332(j) that an individual actually receive or apply for Social Security benefits before OPM recomputes his CSRS annuity to exclude credit for his post-1956 military service. *See Hicks*, 44 M.S.P.R. at 343. Instead, that statutory provision provides for an adjustment of an individual's annuity when he "becomes entitled, or would on proper application be entitled," to Social Security benefits. 5 U.S.C. § 8332(j)(1).

¶10    Here, it is undisputed that the appellant was 62 years old when OPM issued its final decision. IAF, Tab 6 at 5, 18. Further, the record shows that the Social Security Administration certified to OPM that the appellant is a fully insured individual because he has more than 40 quarters of coverage under the Social Security program. *Id.* at 32; *see* 42 U.S.C. § 414(a)(2). Therefore, we find that OPM properly determined that the appellant became eligible for Social Security benefits at age 62 and thus that OPM was required to recompute his CSRS annuity pursuant to 5 U.S.C. § 8332(j) because he failed to make a deposit for his military service with the U.S. Air Force before he retired.

¶11    Moreover, to the extent the appellant believes he is entitled to credit under the CSRS for his National Guard service, we find that he has failed to prove that such service constitutes creditable military service. For purposes of the CSRS, "military service" means "honorable active service . . . but does not include service in the National Guard except when ordered to active duty in the service of the United States or full-time National Guard duty." 5 U.S.C. § 8331(13). The appellant has not alleged or provided evidence that his National Guard service

meets this limited exception.[2]   To the contrary, he maintains that he served part-time with the National Guard.  PFR File, Tab 1 at 3, 5.

¶12        The appellant further reasserts on review his belief that *Collins*, 45 F.3d 1569, is distinguishable from the instant appeal.   PFR File, Tab 1 at 5. Specifically, he claims that the service of the appellant in *Collins*, consisting of 13 years of full-time Federal civilian service and 20 years of full-time military service, would have amounted to more quarters of coverage under the Social Security program than for his 10 years of part-time service with the National Guard.  *Id.*  As discussed above, OPM properly determined that the appellant here became eligible for Social Security benefits when he turned 62 years old.  Thus, we find that his attempt to distinguish *Collins* based on his alleged ineligibility for Social Security benefits is unavailing.  Moreover, we find that OPM and the administrative judge properly cited *Collins* as relevant case law.  ID at 3; IAF, Tab 6 at 4, 6.

¶13        Finally, the appellant disputes the administrative judge's denial of his request to reschedule the hearing.  PFR File, Tab 1 at 3-4.  The administrative judge warned the appellant below that the appeal would be decided without a hearing if he failed to appear for the scheduled hearing without good cause.  IAF, Tab 7 at 1.  After the appellant failed to appear for the hearing, he claimed that he confused the date and time of the Board hearing with a separate court-ordered appearance, submitted supporting evidence, and requested a rescheduled hearing. IAF, Tab 10.  The administrative judge found that he did not justify his failure to appear for the hearing, and thus, she adjudicated the appeal based on the written record.  ID at 2-3.  We find that the appellant's new claim on review that his confusion resulted from Alzheimer's disease, without supporting evidence, is insufficient to justify his failure to appear for the scheduled hearing.  PFR File, Tab 1 at 3-4; *see Fisher v. Department of Defense*, 59 M.S.P.R. 165, 172 (1993)

---

[2] The appellant submitted evidence below of his National Guard service, however, part of it is illegible.  IAF, Tab 8 at 4.

(finding that the appellant's claim of incapacity was not substantiated by any medical evidence and thus was insufficient to justify his failure to appear for the hearing); *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Therefore, we find that the administrative judge did not abuse her discretion in denying the appellant's request to reschedule the hearing. *See Fisher*, 59 M.S.P.R. at 171-73 (finding that the administrative judge did not abuse his discretion in refusing to reschedule the hearing after the appellant failed to appear for the hearing).

¶14        Accordingly, we find that the administrative judge properly affirmed OPM's final decision.[3]

---

[3] The appellant reasserts on review a claim of discrimination based on military service. PFR File, Tab 1 at 3; IAF, Tab 8 at 3. If he chooses to do so, he may file a Board appeal pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). Under USERRA, a person who has performed "service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment . . . on the basis of that . . . performance of service." 38 U.S.C. § 4311(a); *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 6 (2010). The statute further provides that an employer (including a Federal agency) shall be considered to have engaged in a prohibited activity if the individual's military status is a motivating factor for one of the actions identified above, unless the employer can prove that the action would have been taken in the absence of the military status. 38 U.S.C. § 4311(c)(1); *Searcy*, 115 M.S.P.R. 260, ¶ 6. An individual who believes that he has been the victim of a violation of section 4311(a) may file an appeal with the Board. 38 U.S.C. § 4324(b); *Searcy*, 115 M.S.P.R. 260, ¶ 6. To establish Board jurisdiction over a USERRA discrimination appeal, an appellant must allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Searcy*, 115 M.S.P.R. 260, ¶ 7.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.