**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GRACIE V. SMITH-WHITE,
          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-831M-16-0202-I-1

DATE: July 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gracie V. Smith-White, Greenbelt, Maryland, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied the appeal of her annuity benefit reduction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant retired from the Department of Health and Human Services on March 3, 2005, and at the time of her retirement, she elected not to make a deposit for her post-1956 military service. Initial Appeal File (IAF), Tab 8 at 17-24, 35-37. On November 16, 2015, the Office of Personnel Management (OPM) issued a final decision informing the appellant that, because she had now reached the age of 62 and was eligible for Social Security benefits, it had recalculated her annuity to remove credit for her post-1956 military service. IAF, Tab 8 at 6-7.

¶3 Following receipt of OPM's final decision, the appellant timely filed an appeal seeking to challenge the recalculation. IAF, Tab 1. Because the appellant did not request a hearing, *id*. at 1, the administrative judge issued a close of record order and set a date for a close of record conference, IAF, Tab 3. OPM failed to appear for the initial close of record conference, but the appellant failed to appear for the rescheduled close of record conference and failed to contact the administrative judge, as she was repeatedly ordered to do regarding rescheduling the close of record conference. IAF, Tabs 5, 10-13. Based on the appellant's

failure to comply with multiple orders, the administrative judge imposed the sanction of canceling the close of record conference and issuing the initial decision based on the written record. IAF, Tab 14. Before issuing the initial decision, the administrative judge afforded the parties an opportunity to make additional submissions, but neither party took advantage of that opportunity. *Id.*

¶4 In the initial decision, the administrative judge found that the appellant was provided with the necessary information regarding her need to make a deposit to obtain credit for her post-1956 military service, and of the consequences of failing to make the deposit. IAF, Tab 15, Initial Decision (ID) at 5-8. Further, the administrative judge found that the appellant failed to show that OPM committed an administrative error in processing her retirement application, and that she offered no evidence to support her unsworn claim that she provided OPM with the required deposit at the time of her retirement. ID at 6-7. Accordingly, the administrative judge affirmed OPM's final decision. ID at 1, 8.

¶5 The appellant has filed a petition for review.[2] Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 On review, the appellant alleges that her employing agency's Human Resources Department and OPM completed her retirement application for her and provided her with incorrect information about her annuity. PFR File, Tab 1 at 3. She also asserts that the recalculation has resulted in financial hardship. *Id.*

---

[2] The appellant's petition for review was untimely filed on January 16, 2017, over 8 months after the May 11, 2016 filing deadline. ID at 8; Petition for Review (PFR) File, Tab 1. In a motion to waive the time limit, the appellant asserts that good cause exists for her untimely filing because she was forced to leave her home for a period of time due to a sewage spill, and all of her documents related to this appeal were boxed up during that time. PFR File, Tab 4 at 1-3; *see* 5 U.S.C. § 7701(e)(1)(A); 5 C.F.R. § 1201.114(e). In light of our disposition in this appeal, we do not reach the issue of the timeliness of the appellant's petition for review. *See Dean v. U.S. Postal Service*, 115 M.S.P.R. 56, ¶ 13 n.5 (2010).

¶7        A retiring civil service annuitant is entitled to receive credit for active duty military service performed after 1956 under both the Civil Service Retirement System (CSRS) and the Social Security System, but only if the annuitant deposits with the Civil Service Retirement Fund an amount equal to 7% of the person's total post-1956 military pay before their separation from the service upon which her entitlement to an annuity is based.  *McCrary v. Office of Personnel Management*, 459 F.3d 1344, 1347 (Fed. Cir. 2006); *see* 5 U.S.C. § 8334(j); 5 C.F.R. § 831.2104(a).  If the deposit is not made before separation, OPM is required to recalculate the employee's annuity to exclude credit for post-1956 military service when the individual first becomes eligible for Social Security benefits, i.e., as of the first day of the month in which she becomes 62 years of age.  5 U.S.C. § 8332(j)(1); *see McCrary*, 459 F.3d at 1347.

¶8        When an employee did not make or complete the required deposit before separation due to an administrative error, she may be able to make the deposit in a lump sum payment within a time set by OPM.  5 C.F.R. § 831.2107(a)(1).  The Board may find administrative error and waive the deposit deadline when:  (1) the appellant shows that she relied on misinformation in electing not to make the deposit; (2) an application package contains obvious errors or internal inconsistencies in which OPM or the employing agency has an obligation to investigate and resolve before processing the application; or (3) an employee elected to make the deposit and the paperwork is in order, but neither the employing agency nor OPM followed through to ensure the deposit was made.  *McDevitt v. Office of Personnel Management*, 118 M.S.P.R. 204, ¶ 7 (2012).

¶9        OPM's provided evidence included the retirement application instructions given to the appellant prior to her separation.  IAF, Tab 8 at 13-16.  Those instructions specify that failure to make a deposit for post-1956 military service would result in the benefit reduction now being appealed.  *Id.* at 16.  In addition to the instructions, the appellant's retirement application, Standard Form 2801 (SF-2801), included the following question:

> If any of your military service occurred on or after January 1, 1957, have you paid a deposit to your agency for this service? (You must pay this deposit to your agency before separation. You cannot pay OPM after you retire.)

*Id*. at 18. The appellant answered "No" to that question and signed the form. *Id.* Further, the provided "Agency Checklist" of retirement procedures, signed by a Human Resources Specialist at the appellant's employing agency, also has the box checked indicating that the appellant was counseled about the effects of her decision not to make a post-1956 military service deposit. *Id.* at 23-24.[3] Finally, OPM's Form 1515 includes instructions explaining the consequences of failing to make the 7% post-1956 military service deposit. *Id.* at 36-37. The appellant checked the box on this form indicating that she did not want to make the deposit and she understood that such decision was irrevocable, and signed that form on March 24, 2005. *Id.* at 34-35.

¶10    The Board has found that the provided 1990 version of the SF-2801, which asks whether the retirement applicant submitted a deposit for post-1956 military service, is clearly worded. *King v. Office of Personnel Management*, 97 M.S.P.R. 307, ¶ 25 (2004), *aff'd sub nom. Grant v. Office of Personnel Management*, 126 F. App'x 945 (Fed. Cir. 2005). Additionally, the instructions plainly explain that an individual will receive credit for post-1956 military service after becoming eligible for Social Security benefits only if she makes a deposit before leaving Federal service, while failure to pay the deposit will result in elimination of CSRS credit for the post-1956 military service when she becomes eligible for Social Security benefits. IAF, Tab 8 at 13-16. Accordingly, the appellant was properly apprised of her opportunity to make a deposit for her post-1956 military

---

[3] Although the Agency Checklist includes a section for the employing agency's Payroll Officer to certify a number of answers related to the appellant's retirement application, it does not appear that the Payroll Officer signed off on that checklist. IAF, Tab 8 at 24. However, because it is clear that the appellant was counseled by her employing agency's Human Resources Specialist regarding the consequences of failing to make a post-1956 military service deposit, *id.* at 23, we attribute no significance to the absence of the Payroll Officer's certification.

service prior to separation and instructed of the consequences of not doing so. *King*, 97 M.S.P.R. 307, ¶¶ 7, 25; *Drury v. Office of Personnel Management*, 79 M.S.P.R. 493, ¶¶ 12-13 (1998).

¶11     The appellant completed the SF-2801 and the Form 1515 and signed both documents.  IAF, Tab 8 at 17-24, 35-37.  Her unsworn statement in her petition for review alleging that the agency completed the paperwork for her fails to outweigh OPM's documentary evidence, including the signed SF-2801 and Form 1515.  PFR File, Tab 1 at 3; *see Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72 (finding that normal office records, compiled in the ordinary course of business, are admissible and entitled to substantial weight), *aff'd*, 950 F.2d 731 (Fed. Cir. 1991) (Table).  Therefore, we deny the petition for review and affirm the initial decision, upholding OPM's reduction of the appellant's annuity benefits.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           /s/ for
                         ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.