**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DR. WILLIAM H. EGAN,<br>     Appellant, | DOCKET NUMBER<br>CH-0831-20-0593-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>     MANAGEMENT,<br>          Agency. | DATE:  November 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul M. Egan, Chicago, Illinois, for the appellant.

Karla W. Yeakle and Maureen A. Kersey, Washington, D.C.,
     for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision by the Office of Personnel Management (OPM) recalculating his Civil Service Retirement System (CSRS) annuity to eliminate credit for post-1956 military service.  Generally, we grant petitions such as this

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

An annuitant who retires after September 7, 1982, may receive credit for active duty military service performed after 1956, under both the CSRS and the Social Security Act, if he deposits an amount equal to 7% of his post-1956 military pay, plus interest, with the Civil Service Retirement and Disability Fund. 5 U.S.C. § 8334(j). If an annuitant fails to make such a deposit, then when he becomes eligible for Social Security benefits, OPM must recalculate the annuity payment to eliminate credit for post-1956 military service. 5 U.S.C. § 8332(j)(1). OPM's regulations provide that those who retire on or after October 1, 1983, must make such a deposit before their separation from service, unless the failure to make the deposit is the result of administrative error. 5 C.F.R. § 831.2104(a). Accordingly, the Board will order OPM to permit a post-separation deposit if there was administrative error by the individual's employing agency or OPM and the failure to make the deposit prior to retirement was the product of that administrative error. *King v. Office of Personnel Management*, 97 M.S.P.R. 307, ¶¶ 4, 15 (2004), *aff'd sub nom. Grant v. Office of Personnel Management*, 126 F. App'x 945 (Fed. Cir 2005); 5 C.F.R. § 831.2107(a)(1).

The Board has found administrative error in the following situations: (1) when the employee can show that he relied on misinformation in electing not to make the deposit; (2) when an application package contains obvious errors or internal inconsistencies, in which case OPM or the employing agency has an obligation to investigate and resolve the problem before processing the application; or (3) when the employee elected to make the deposit and the paperwork is in order, but neither the employing agency nor OPM followed through to ensure the deposit was made. *King*, 97 M.S.P.R. 307, ¶ 12 n.2. It is undisputed that situation (3) does not apply in this case.

Regarding situation (1), our reviewing court has held that the Government commits administrative error when an employee, at the time of the election, requests information about the amount of the deposit or the failure to make the deposit and the Government's response either misrepresents the dollar amounts in question or is so indirect, inaccurate, or incomplete as to confuse or mislead the employee regarding the amount of the deposit or the effect of any failure to make the deposit on the annuity recalculation. *McCrary v. Office of Personnel Management*, 459 F.3d 1344, 1349 (Fed. Cir. 2006). However, as the administrative judge found, the record is devoid of evidence that the appellant made such an inquiry and that his employing agency or OPM then affirmatively misled him about the military deposit requirement or the dollar amounts in question. Indeed, the appellant now contends that he was entirely unaware of the post-1956 deposit requirement prior to 2020. Petition for Review (PFR) File, Tab 1 at 6.

On review, the appellant asserts that situation (2) applies, i.e., that there was an obvious error or inconsistency in the retirement application package because he did not receive any paperwork or counseling explaining the post-1956 deposit requirement. PFR File, Tab 1 at 5-8. However, he does not dispute that Schedule A of Standard Form (SF) 2801 (1990 version) and OPM Form 1515, both of which indicate that he declined to make such a deposit, bear his signature.

Initial Appeal File (IAF), Tab 8 at 49, 59. The Board has held that the 1990 version of SF 2801 and Section B of its accompanying instructions are reasonably designed to inform an applicant of the opportunity to make a deposit for post-1956 military service and the consequences of not making the deposit. *Thomas v. Office of Personnel Management*, 107 M.S.P.R. 334, ¶ 16 (2007); *King*, 97 M.S.P.R. 307, ¶ 7. OPM Form 1515 and its accompanying instructions similarly provide adequate information concerning the applicant's rights to make the military deposit and the consequences of failing to do so. IAF, Tab 8 at 59-60; *see Thomas*, 107 M.S.P.R. 334, ¶¶ 5, 16.

We are mindful that the appellant claims he did not receive the instructions accompanying SF 2801. PFR File, Tab 1 at 6-7; *see* IAF, Tab 8 at 43-46. However, the signed page of Schedule A instructs the applicant to refer to Section B of those instructions, and includes the following warning: "You must pay [the] deposit to your agency before separation. You cannot pay OPM after your retire." IAF, Tab 8 at 49. In addition, the signed page of OPM Form 1515 includes the following statement:

> If you are a CSRS employee who was first employed before October 1, 1982, and you are entitled (or will be entitled at age 62) to a Social Security benefit that includes credit for post-1956 military service, you must either make a deposit for the military service or have your annuity benefits reduced at age 62.

*Id.* at 59. Furthermore, by signing OPM Form 1515, the appellant indicated that he had read the accompanying instructions, which include more detailed information concerning his right to make the military deposit. *Id.* at 59-60; *see Thomas*, 107 M.S.P.R. 334, ¶¶ 5, 16. If the appellant did not receive the instruction sheets, his decision not to request them would have been the result of his failure to read the information on the forms themselves. *Thomas*, 107 M.S.P.R. 334, ¶ 16. Hence, even if we were to assume that the alleged failure of the employing agency to provide the instruction sheets for SF 2801 and/

or OPM Form 1515 constituted administrative error, the appellant's failure to make the deposit was not due to that error. *Id*.

We have also considered the appellant's argument that the deadline for making the deposit should be waived on equitable grounds based on OPM's failure to recalculate his annuity until 18 years had passed since he became eligible for Social Security benefits. PFR File, Tab 1 at 9-10. It is true that recovery of an annuity overpayment may be found unconscionable in cases where there is an exceptionally lengthy delay by OPM in adjusting an annuity. *Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 550 (1989). However, as the appellant concedes, the issue of whether he is entitled to waiver of recovery of the alleged overpayment is not at issue in this appeal. PFR File, Tab 1 at 10. The appellant has not identified any authority for the proposition that OPM's delay in recalculating his annuity could warrant waiver of the deadline for filing a deposit for his post-1956 military service. While we do not excuse OPM's negligence, the deadline for the appellant to pay the deposit had already passed upon his retirement, years before the recalculation of his annuity should have first taken place, i.e., when he became eligible for Social Security benefits at age 62. Accordingly, we find no basis for further review of the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.